# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| -vs- | )   No.  CR-23-237-SLP |
| | ) |
| **JEFF WENG and** | ) |
| **TONG LIN,** | ) |
| | ) |
| **Defendants.** | ) |

## JOINT STATEMENT OF DISCOVERY CONFERENCE

This joint statement is submitted pursuant to LCrR16.1(b).

1.  Date Conference Held: July 31, 2023, within fourteen (14) days of the appearance before Magistrate Judge Green where a plea of not guilty was entered.

2.  Names of the attorneys who attended the conference:
    U.S. Attorney/AUSA:  Wilson D. McGarry
    Defense Attorney:  Todd Henry and Ken Gallon
    ☒ Retained   ☐ Federal Public Defender/Assistant FPD or ☐ CJA Panel Member

**Counsel met for purposes of exchanging discovery materials in accordance with the Federal Rules of Criminal Procedure as supplemented by the Local Criminal Court Rules and any orders of this Court and, as a result of the conference, the undersigned counsel report the following:**

3.  The specific time, date and place at which the offense(s) charged is/are alleged to have been committed:

    See Indictment.

4.  (a)(1) Any contested issues of discovery and inspection raised by counsel for plaintiff:

    None at this time.

      (2)    Any contested issues of discovery and inspection raised by counsel for defendant:

None at this time. Defense counsel acknowledges receipt of discovery bates number: YE_000001-YE_002996

      (b)    Any additional discovery or inspection desired by either party:

Defendants request discovery from execution of May 17, 2023, search warrant.

5.    The fact of disclosure of all materials favorable to the defendant or the absence thereof within the meaning of Brady v. Maryland and related cases:

Counsel for the plaintiff has complied with disclosure of *Brady* material at this time and acknowledges the continuing duty to disclose any such favorable material.

Counsel for plaintiff expressly acknowledges continuing responsibility to disclose any material favorable to defendant within the meaning of Brady that becomes known to the government during the course of these proceedings.

6.    The fact of disclosure of the existence or nonexistence of any evidence obtained through electronic surveillance or wiretap:

None.

7.    The fact of disclosure of the contemplated use of the testimony of an informer. (Include only the fact an informer exists and not the name or testimony thereof):

None.

8.    The fact of disclosure of the general nature of any evidence of other crimes, wrongs, or acts the government intends to introduce at trial pursuant to Fed. R. Evid. 404(b):

Reserved.

9.    The fact of disclosure of the prior felony convictions of any witness the government intends to call in its case-in-chief:

Reserved.

10.    The resolution, if any, of foundational objections to documentary evidence to be used by both parties (except for the purpose of impeachment):

Reserved.

11.  The resolution, if any, of chain-of-custody matters (where at issue):

    Reserved.

12.  The resolution, if any, of the admissibility of any reports containing scientific analysis without requiring the expert's attendance at trial:

    Reserved.

13.  The parties will provide each other with the opportunity to inspect any demonstrative evidence, representational exhibits or charts.

    Counsel for both parties state that presently there are no additional matters of discovery presently known.

    Counsel expressly acknowledge the obligation to produce these items(s) as soon as practicable, but in no event later than fourteen (14) days prior to the trial of this cause. Counsel also expressly acknowledges continuing obligation to disclose any materials that become known to counsel during the course of the pretrial investigation of this cause.

14.  Notice of Alibi:

    Reserved.

    Pursuant to Fed. R. Crim. P. 12.1(a)(1), the United States requests notice of any alibi defense, based on the time, date, and place of the offense as alleged in the Indictment.

15.  Notice of Insanity Defense or Expert Testimony of Defendant's Mental Condition:

    Reserved.

16.  Notice of Defense Based on Public Authority:

    Reserved.

At the conclusion of this conference, counsel conferred concerning the contents of this joint statement.

Respectfully submitted,

ROBERT J. TROESTER
United States Attorney

s/*Wilson D. McGarry*
Assistant United States Attorney
Bar No.  31146
210 Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102
(405) 553-8700 (Office)
(405) 553-8888 (Fax)
Wilson.mcgarry@usdoj.gov


s/*Todd E. Henry*
Counsel for Defendant Jeff Weng
1500 Walnut Street, Ste 1060
Philadelphia, PA 19102
(215) 545-5100(office)
DLombardo@thehenryfirm.biz


s/*J. Ken Gallon*
Bennett & Gallon, PLLC.
Bar No: 18708
Counsel for Defendant Tong Lin
105 1st Ave NE
Miami, Oklahoma 74354
(918) 540-1818(office)
kgallon@bennettgallon.com
